IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCON PHARMACEUTICALS, LTD. and ALCON RESEARCH, LTD., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | C.A. No. 11-293 (SLR) |
| WATSON LABORATORIES INC., WATSON PHARMACEUTICALS, INC. and WATSON PHARMA, INC., ) ) ) ) | |
| Defendants. ) | |

## STIPULATION AND [PROPOSED] ORDER STAYING CASE

Plaintiffs Alcon Pharmaceuticals, Ltd. and Alcon Research, Ltd. (collectively, "Alcon") and Defendants Watson Laboratories, Inc., Watson Pharmaceuticals, Inc., and Watson Pharma, Inc. (collectively, "Watson"), through undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

WHEREAS, Alcon and Watson are parties to the pending, above-captioned action relating to United States Patent Nos. 6,716,830 ("the '830 patent") and 7,671,070 ("the '070 patent") and Watson's Abbreviated New Drug Application ("ANDA") No. 202525, which seeks approval from the United States Food & Drug Administration ("FDA") to manufacture, sell, and distribute a generic version of Alcon's Vigamox® ophthalmic solution ("Watson ANDA product");

WHEREAS, the above-captioned action is related to another litigation matter, *Alcon, Inc. and Alcon Research, Ltd. v. Teva Pharmaceuticals USA, Inc.*, C.A. No. 06-234-SLR (D. Del.) ("Related Action");

WHEREAS, in the Related Action, Alcon alleged that defendant Teva infringed the '830 patent by filing an ANDA directed to a generic version of Alcon's Vigamox® ophthalmic solution;

WHEREAS, in an Opinion and Order in the Related Action dated October 19, 2009, the United States District Court for the District of Delaware determined that Teva's ANDA product infringes claim 1 of the '830 patent and that Teva failed to prove the invalidity of the '830 patent by clear and convincing evidence. The Court therefore entered Final Judgment in favor of Alcon and against Teva on October 20, 2009;

WHEREAS, Teva timely filed a notice of appeal challenging the Judgment of the United States District Court for the District of Delaware; and

WHEREAS, both parties agree that the outcome of the appeal of the Related Action may determine the proper resolution of this case depending on how the appeal is resolved.

FOR THE FOREGOING REASONS, IT IS HEREBY ORDERED:

1. Subject to the terms and conditions set forth in this Order, this action shall be stayed during the pendency of the appeal in the Related Action, said appeal including the resolution of any timely filed petition for rehearing by a panel of the Federal Circuit or by the Federal Circuit sitting *en banc* or of any timely filed petition for writ of certiorari to the United States Supreme Court.

2. If the appeal in the Related Action results in the Judgment of the United States District Court for the District of Delaware being affirmed, then within 30 days of the date of the completion of the appeal, (a) the stay of this action will be lifted, (b) final judgment of infringement of the '830 and '070 patents will be entered in favor of Alcon and against Watson

on Alcon's claims for infringement of the '830 and '070 patents and Watson's counterclaims for a declaratory judgment of non-infringement of the '830 and '070 patents, (c) the Court will order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval for Watson's ANDA product shall be not earlier than March 29, 2020, and (d) all other claims and counterclaims of the parties will be dismissed with prejudice and all other relief sought by either party will be denied.

    3. If the appeal in the Related Action results in the Judgment of the United States District Court for the District of Delaware being reversed, then within 30 days of the date of the completion of the appeal, (a) the stay of this action will be lifted, (b) final judgment of no infringement of the '830 patent from which no appeal can be taken will be entered in favor of Watson and against Alcon on Alcon's claims for infringement of the '830 patent and Watson's counterclaim for a declaratory judgment of non-infringement of the '830 patent, (c) all other claims and counterclaims of the parties regarding validity or infringement of the '830 patent will be dismissed with prejudice, and (d) within 30 days of the date of an order lifting the stay of this action, the parties shall jointly submit a proposed schedule for the completion of the litigation with regard to all remaining claims and counterclaims.

    4. If the appeal in the Related Action results in the Judgment of the United States District Court for the District of Delaware being vacated and/or the Related Action being remanded back to the United States District Court for the District of Delaware for further consideration, then Watson or Alcon may within 30 days of the date of the order, opinion, or decision vacating the Judgment and/or remanding the Related Action back to the United States District Court for the District of Delaware, request that the Court lift the stay of this action. The stay of this action shall be lifted and the litigation shall be resumed upon such request. Within

30 days of the date of an order lifting the stay of this action, the parties shall jointly submit a proposed schedule for the completion of the litigation.

      5.    If the appeal in the Related Action is withdrawn or otherwise terminated prior to the issuance of a mandate resolving the appeal, including any timely filed petition for rehearing by a panel of the Federal Circuit or by the Federal Circuit sitting *en banc* or of any timely filed petition for writ of certiorari to the United States Supreme Court, then Alcon shall notify Watson of the withdrawal or termination within ten (10) business days thereof, and either Alcon or Watson may request that the Court lift the stay of this action within thirty (30) days of such notification. The stay of this action shall be lifted and the litigation shall be resumed upon such request. Within 30 days of the date of an order lifting the stay of this action, the parties shall jointly submit a proposed schedule for the completion of the litigation.

      6.    If none of the conditions involving the Related Action set forth in Paragraphs 2-5 above occurs within 18 months from the signing of this Order, then Alcon or Watson may request that the Court lift the stay of this action. The stay of this action shall be lifted and the litigation shall be resumed upon such request. Within 30 days of the date of an order lifting the stay of this action, the parties shall jointly submit a proposed schedule for the completion of the litigation.

      7.    Alcon shall, and Watson may, inform the Court of the completion of the appeal of the Related Action, including the resolution of all petitions for rehearing and petitions for writ of certiorari, if any, within seven (7) business days of the date of issuance of a mandate resolving the appeal of the Related Action, including any timely filed petition for rehearing by a panel of the Federal Circuit or by the Federal Circuit sitting *en banc* or of any timely filed petition for writ of certiorari to the United States Supreme Court.

8. The obligations imposed on Alcon and Watson by this Order shall be binding upon Alcon and Watson, respectively. The rights conveyed to Alcon and Watson by this Order may not be assigned, sold or otherwise transferred by a party hereto to any other entity without the written consent of the other party.

9. Nothing in this Order shall be deemed to prohibit Watson from seeking to intervene or seeking permission to file an amicus curiae brief in the appeal in the Related Action.

10. Nothing in this Order shall be deemed to bar Watson and Alcon from settling the above-captioned action during or after the pendency of the stay.

11. Nothing in this Order shall be deemed to alter or modify the thirty-month statutory stay of approval of Watson's ANDA due to Alcon's filing of the instant suit, provided for in 21 U.S.C. § 355(j)(5)(B)(iii).

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
| */s/ Rodger D. Smith II (#3778)* | */s/ Richard L. Horwitz (#2246)* |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com<br>*Attorneys for Plaintiffs Alcon Pharmaceuticals, Ltd. and Alcon Research, Ltd.* | Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br>*Attorneys for Defendants Watson Laboratories, Inc., Watson Pharmaceuticals, Inc., and Watson Pharma, Inc.* |

4376926.1

**SO ORDERED** this ___ day of _____, 2011.

_____
U.S.D.J.